UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN GRAY MANN, AS NATURAL TUTOR
OF HIS MINOR CHILD JOHN ANDREW MANN

CIVIL ACTION

VERSUS

NO. 12-264-JJB

LOUISIANA HIGH SCHOOL
ATHLETIC ASSOCIATION, INC.

# RULING

This matter is before the Court on Plaintiff's motion for a permanent injunction. (Doc. 11). Defendant, the Louisiana High School Athletic Association ("LHSAA") filed an opposition. (Doc. 19). An amicus curiae brief was filed by the Dunham School (doc. 58) to supplement an amicus brief filed at an earlier stage of the litigation (doc. 23). An evidentiary hearing was held on the matter on September 13, 2013. After considering the evidence adduced at the hearing, the motion for a permanent injunction is DENIED.

The facts of this case have been rehashed in previous rulings. Important here is the procedural posture in which the present evidentiary hearing was held. Plaintiff originally petitioned this Court seeking a preliminary injunction (doc. 11) to enjoin the LHSAA from treating his son (A.M.) as ineligible to play football at Dunham after he transferred from Episcopal High School. This Court granted the preliminary injunction (doc. 27), which allowed A.M. to play football for Dunham. LHSAA appealed that decision to the Fifth Circuit Court of Appeals. Upon review, the Fifth Circuit vacated the ruling granting the preliminary injunction concluding that this Court failed to connect the findings of fact to the legal test for a disability under the Americans with Disabilities Act. *Mann v. Louisiana High Sch. Athletic Ass'n, Inc.*, 12-30961, 2013 WL 3475116, *10 (5th Cir. July 11, 2013). Therefore, the case was remanded

1

for further proceedings to specifically address whether A.M. was substantially limited in a major life activity as a result of his diagnosed anxiety disorder. *Id.*

At the outset, several things are clear to the Court based upon the evidence adduced during these proceedings. It is evident from the record that A.M. suffers from an anxiety disorder that at the time he transferred had a negative impact on his academic performance. Based upon this finding, it is clear to the Court that A.M. did not transfer to Dunham for the purpose of playing football. Rather, he transferred to receive the individualized instruction necessary for him to excel academically that Dunham could provide. Finally, it is clear that A.M. is a young man that is dedicated to his family, academics, and athletics, in that order. For that, he should be commended. However, after reviewing the full record before it, the Court holds that the Plaintiff did not produce enough evidence to demonstrate that a major life activity was substantially limited by A.M.'s anxiety disorder.

In the Fifth Circuit, "[t]o be substantially limited means to be unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011) (quoting *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009)). Unfortunately, the evidence produced at the hearing did not demonstrate that A.M. was "unable to perform" or "significantly restricted" by his anxiety disorder. While it appears that A.M.'s anxiety disorder impaired his ability to perform a major life activity, "[m]erely having an impairment…does not make one disabled for purposes of the ADA." *Chevron Phillips*, 570 F.3d at 614.

Finally, in its amicus curiae briefs, Dunham asks the Court not to interpret LHSAA's Restitution Rule, Rule 5.7.2., in a way that would penalize it for following this Court's order and

allowing A.M. to participate in football games. The Court will honor that request and reiterate that LHSAA may not apply the restitution rule against Dunham.

Accordingly, the permanent injunction (doc. 11) is DENIED. Further, the LHSAA is ordered not to impose sanctions under the restitution rule against Dunham related to the eligibility of A.M. from this action.

Signed in Baton Rouge, Louisiana, on September 13, 2013.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**